IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KEVIN MATHIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-274-H-BQ |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Kevin Mathis filed this action on November 17, 2020, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ECF No. 1. Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. Because Mathis has not responded to the Court's questionnaire, or otherwise communicated with the Court in any way since December 2, 2020, the undersigned recommends that the District Judge dismiss Mathis's Complaint without prejudice for failure to prosecute and comply with a Court order.

### I. Background

On December 4, 2020, the Court granted Mathis permission to proceed *in forma pauperis*. ECF No. 7. That order advised Mathis of his obligation to "promptly notify the Court of any change of address . . . [and that his] [f]ailure to file this notice may result in this case being dismissed for want of prosecution." ECF No. 7, at 2 ¶ 5 (dated Dec. 4, 2020). Mathis received a similar admonishment when he initially filed this suit. *See* "Instructions to a Non–Prisoner *Pro Se* Plaintiff," ECF No. 4, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed.").

On March 23, 2021, the Court commenced its initial screening of Mathis's Complaint, requiring Mathis, within thirty days from the date of the order (i.e., April 22, 2021), to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) so the Court could obtain additional information about the factual bases of his claims.[1] ECF No. 8. In its order directing Mathis to complete the questionnaire, the Court admonished Mathis that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in a recommendation that this action be dismissed." *Id.* (emphasis omitted). The Clerk mailed the order and questionnaire to Mathis's address on file with the Court. *See* "Clerk's Notice of delivery," dated Mar. 23, 2021.

Although mailed to Mathis's current address, which coincides with the address listed on the last pleading submitted by Mathis (ECF No. 6), Mathis has not returned the completed questionnaire, nor has it been returned as undeliverable. Similarly, Mathis has not submitted any other type of notice or pleading in this action. In this posture, the Court can only conclude that Mathis no longer wishes to pursue his claims.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

---

[1] As explained in the order requiring Mathis to complete a questionnaire, Mathis's Complaint is subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B) because he is proceeding *in forma pauperis*.

As noted above, the Court commenced its initial screening of Mathis's Complaint by requiring Mathis to complete a questionnaire. Mathis's failure to respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this posture, a court is basically at the mercy of a litigant who refuses to respond to court orders. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

Courts in this district have previously dismissed other plaintiffs' claims for failing to return the Court's questionnaires. *See, e.g., Brown v. Brown*, No. 3:16-cv-1976-B-BN, 2016 WL 7974125, at *1–2 (N.D. Tex. Nov. 17, 2016) (recommending dismissal of pro se plaintiff's complaint for failure to prosecute and obey court orders, where plaintiff failed to return his questionnaire responses and had not otherwise communicated with the court), *R. & R. adopted by* 2017 WL 354244 (N.D. Tex. Jan. 24, 2017); *see also Garcia v. Giles W. Dalby's CF*, Civil Action No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov. 4, 2015) (recommending dismissal of complaint without prejudice for failure to return questionnaire), *R. & R. adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015). Because Mathis has not responded to the questionnaire, and he has wholly failed to communicate with the Court in this action since December 2, 2020, the undersigned recommends that the District Judge dismiss this case for want of prosecution. *See Vann v. Petroleum Oil Co.*, 451 F. App'x 404, 405–06 (5th Cir. 2011) (per curiam) (affirming district court's dismissal of plaintiff's complaint for failure to prosecute and obey court orders, where plaintiff "did not comply with the magistrate judge's order to answer a questionnaire seeking further information about his claims").

### III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Mathis's Complaint be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 21, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE